**WO**                                                                                           SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Todd L. Hoover,                              )   No. CV 07-1561-PHX-JAT (MEA)
                                             )
       Plaintiff,                    )   **ORDER**
                                             )
vs.                                          )
                                             )
Maricopa County Sheriff's Office, et al.,    )
                                             )
       Defendants.                   )
                                             )
_____)

        Plaintiff Todd L. Hoover, who is confined in the Lower Buckeye Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc.# 1, 3, 4.)[1] Plaintiff has filed a First Amended Complaint. (Doc.# 6.) Because Plaintiff has failed to cure cited deficiencies and otherwise fails to state a claim, the First Amended Complaint and this action will be dismissed.

**I.     Statutory Screening of Prisoner Complaints**

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the

---

[1] "Doc.#" refers to the docket number of filings in this case.

allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Leave to amend, however, need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where a plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538. Plaintiff's First Amended Complaint fails to cure cited deficiencies and otherwise fails to state a claim.

### III.   First Amended Complaint

Plaintiff alleges four counts in his First Amended Complaint for denial of basic necessities, lack of access to the courts, threats to his safety, and conditions of confinement. Plaintiff sues Maricopa County Sheriff's Office (MCSO), Maricopa County Sheriff Joseph Arpaio, and unknown MCSO detention officers. Plaintiff seeks compensatory damages.

### IV.   Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

#### A.   Count I

In Count I of the First Amended Complaint, Plaintiff alleges that he has been denied privacy in jail restrooms, which he characterizes as a basic necessity. He alleges that Sheriff Arpaio and unnamed officers have acted negligently and/or intentionally in failing to prevent the lack of privacy.

- 2 -

1  In previously addressing Plaintiff's claim that the lack of privacy in jail restrooms
2  violated his constitutional rights, the Court stated in part that:

> Inmates have a "right to bodily privacy." <u>Sepulveda v. Ramirez</u>, 967 F.2d 1413, 1415 (9th Cir. 1992); <u>see</u> <u>Hydrick v. Hunter</u>, No. 03-56712, 2007 WL 2445998 at *18 (9th Cir. Aug. 30, 2007). The state, however, may restrict this right "to the extent necessary to further the correctional system's legitimate goals and policies." <u>Grummett v. Rushen</u>, 779 F.2d 491, 493 (9th Cir. 1985). The plaintiff "'bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.'" <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1289 (9th Cir. 2003) (citations omitted).
> 
> Of significant importance in a jail is internal security. <u>Grummett</u>, 779 F.2d at 493. Thus, there are reasonable penological interests in not providing dividers or stalls in bathrooms due to security issues. Jails also have legitimate interests in providing equal employment opportunities and in deploying available staff effectively. <u>See</u> <u>Michenfelder v. Sumner</u>, 860 F.2d 328, 334 (9th Cir. 1988). Thus, the jail has a legitimate interest in providing equal employment opportunities to women and deploying staff effectively.

(Doc.# 4 at 4-5.) The Court dismissed Plaintiff's privacy claim in his Complaint noting that he had not alleged the absence of legitimate correctional goals for the lack of privacy about which he complains. (<u>Id.</u> at 5.)

Plaintiff similarly fails to allege the absence of legitimate correctional goals for the lack of privacy about which he complains in his First Amended Complaint. Further, Plaintiff alleges that Defendants are liable for negligence regarding the lack of privacy. Negligence by a defendant acting under color of state law, however, is not sufficient to state a claim under § 1983. <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986) (plaintiff must plead more than mere negligence in a § 1983 action); <u>see</u> <u>Alfrey v. United States</u>, 276 F.3d 557, 568 (9th Cir. 2002). For these reasons, Plaintiff fails to state a claim based on the lack of privacy in his First Amended Complaint.

**B.    Count II**

In Count II of the First Amended Complaint, Plaintiff alleges that "Defendants" have negligently denied him access to a law library. In previously addressing Plaintiff's claim that he had been denied access to the courts in violation of his constitutional rights, the Court stated in part that:

> The right of meaningful access to the courts prohibits state officials from actively interfering with an inmate's attempt to prepare or file legal documents. <u>Lewis v. Casey</u>, 518 U.S. 343, 350 (1996). That right, however, only encompasses the ability to bring petitions or complaints to federal court

and not to discover or even effectively litigate such claims once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil rights complaint of a person in state custody will reach a court for consideration.") The right "guarantees no particular methodology but rather, the conferral of a capability--the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis, 518 U.S. at 356. To state a claim, a plaintiff must also allege facts to support that he suffered an actual injury.

(Doc.# 4 at 5.) The Court dismissed Plaintiff's access to the courts claim because he had clearly been able to file his Complaint and had otherwise failed to allege how he had been denied the capability of filing any other pleading in court or an actual injury. (Id.)

As with his original complaint, Plaintiff was clearly able to file his First Amended Complaint in this action. The only injury asserted is that he made "unforeseeable mistakes in [his] court proceeding [sic] with [his] case." (Doc.# 6 at 4.) Plaintiff fails to set forth any supporting facts to connect any alleged lack of access to the courts or a law library or to set forth facts to support that he was actually injured as a consequence. Further, to the extent that he alleges Defendants acted negligently in failing to provide access, he fails to state a claim because, as stated above, an allegation that a defendant acted negligently is not sufficient to state a claim for relief under § 1983. For these reasons, Plaintiff fails to state a claim for denial of access to the courts.

**C.    Count III**

In Count III, Plaintiff alleges that his safety was threatened due to the negligence of Sheriff Arpaio in housing Plaintiff with foreign nationals. The Court previously denied a virtually identical claim stating as follows:

> Jail officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (convicted prisoners); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (pretrial detainees). To establish a violation, an inmate must allege facts supporting that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to the inmate's safety. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*). To demonstrate deliberate indifference, a prisoner must allege facts supporting that an official knew of and disregarded an excessive risk to inmate safety; that is, the official must both have been aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that the

    official drew the inference. Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

(Doc.# 4 at 5-6.) The Court dismissed Plaintiff's alleged threat to safety/failure to protect claim in his Complaint because he made only conclusory allegations that his safety was somehow threatened because he was housed with foreign nationals without setting forth facts to support that any officer acted with deliberate indifference to any potential threat to Plaintiff's safety or specific facts regarding how his safety was threatened by being housed with foreign nationals.

  In his First Amended Complaint, Plaintiff again makes only vague and conclusory assertions that his safety is threatened by being housed with foreign nationals. Plaintiff fails to set forth any supporting facts regarding any alleged threat or danger or facts to support that any official was aware of such threat. Further, as with his other counts, Plaintiff fails to state a claim to the extent that he predicates liability on the negligence of the Defendants. For these reasons, he fails to state a claim for a threat to his safety.

  **D.** **Count IV**

  In Count IV of the First Amended Complaint, Plaintiff alleges that he has been negligently housed with two other inmates in a two-person cell for two months. (Doc.# 6 at 6.) Plaintiff raised a virtually identical claim in his Complaint. As the Court previously stated, "Allegations of overcrowding, alone, are insufficient to state a claim. . . . A plaintiff must allege facts to support that overcrowding reduced the provision of other constitutionally required services, caused an increase in violence, or reached a level where the institution was no longer fit for human habitation." (Doc.# 4 at 7, citations omitted.) As with the claim presented in his Complaint, Plaintiff fails to allege facts to support that his conditions are objectively "sufficiently serious" so as to deny him the minimal civilized measure of life's necessities. Further, as with the analogous claim in his Complaint, Plaintiff fails to set forth facts to support that anyone acted with deliberate indifference to such conditions. As the Court has noted in connection with Plaintiff's other counts, liability under § 1983 cannot be predicated upon negligence.

**Conclusion**

Plaintiff was previously warned about the deficiencies in his Complaint and was afforded the opportunity to cure those shortcomings. Plaintiff has not cured the cited deficiencies in his First Amended Complaint. Further, Plaintiff has not otherwise stated a claim for violation of his constitutional rights in the First Amended Complaint. Accordingly, the First Amended Complaint and this action will be dismissed.

**IT IS ORDERED:**

(1) Plaintiff's First Amended Complaint and this action are **dismissed** for failure to state a claim. (Doc.# 6.)

(2) The Clerk of Court must enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 8th day of January, 2008.

James A. Teilborg
United States District Judge